UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


JACQUIS L. TAYLOR          ]
    Plaintiff,         ]
                         ]
v.                       ]          No. 3:10-0421
                       ]          Judge Echols
D.C.S.O. (S.O.R.T. Team),   ]
et al.                ]
    Defendants.        ]


## M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Hill Detention Center in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against the Davidson County Sheriff's Department Special Operations Response Team (S.O.R.T.) and the Hill Detention Center, seeking injunctive relief and damages.

On April 6, 2010, S.O.R.T. conducted a search of the plaintiff's housing unit. During the course of the search, it is alleged that members of S.O.R.T. assaulted the plaintiff without provocation in violation of his constitutional rights.

This action is being brought against the defendants in their official capacities only. As such, the plaintiff is suing the defendants' official office rather than any individuals themselves. Will v. Michigan Department of State Police, 109 S.Ct. 2304, 2312 (1989). In essence, then, the plaintiff's claims are against Davidson County, the municipal entity that operates the Detention Center. *See* Kentucky v. Graham, 105 S.Ct. 3099, 3105 (1985).

A claim of governmental liability requires a showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by Davidson County or its agent, the Davidson County Sheriff's Department. Monell v. New York City Department of Social Services, 98 S.Ct. 2018 (1978). In short, for Davidson County to be liable under § 1983, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. City of Canton v. Harris, 109 S.Ct. 1197 (1989).

The plaintiff has offered nothing to suggest that his rights were violated pursuant to a policy or regulation of Davidson County that allowed for an unprovoked attack upon him. Consequently, the plaintiff has failed to state a claim against the defendants acting in their official capacities.

In the absence of an actionable claim, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate Order will be entered.

Robert L. Echols
United States District Judge